IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN C. HOWARD, M.D., and SUZANNE HOWARD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 11-CV-688-GKF-PJC ) |
| SEGWAY, INC., | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Quash Defendant's Subpoena Duces Tecum to Non-Party, Central States Orthopedics Specialists ("CSOS"). [Dkt. No. 19]. The Motion to Quash is DENIED; however, the subpoena is MODIFIED as set forth below.

This lawsuit arises from an alleged incident in March 2008. Dr. Howard alleges that he was riding his Segway HT i167 at the Disney World Forest Wilderness Resort in Florida when the vehicle began bucking uncontrollably, throwing Dr. Howard to the ground. [*Complaint*, Dkt. No. 2 at ¶¶ 11-13. Howard claims he suffered a compound fracture of the tibia which resulted in permanent injury. The injury has caused him to suffer lower job productivity.

On June 1, 2012, Defendant served a subpoena duces tecum on Central States Orthopedic Specialists, Dr. Howard's employer. The subpoena requests:

> A complete copy of the entire personnel fire of Mr. Bryan C. Howard (DOB \*\*/\*/\*\*) including, but not limited to:  any and all records, reports,

1

applications, wage information, time sheets, W-2s, performance reviews, awards or achievements, disciplinary actions, attendance records, retirement information, disability requests, worker's compensation records, memorandum, notes, etc.

Plaintiff requests that the subpoena be quashed as overly broad, unduly burdensome and seeking irrelevant information. In the alternative, Plaintiff asks the Court to limit the subpoena in time and scope. Defendant contends that plaintiff lacks standing to complain that the subpoena to a third party is overly broad, unduly burdensome or seeks irrelevant information. Furthermore, Defendant contends the requested information is relevant under Fed. R. Civ. P. 26.

*Applicable Legal Principles*

Fed. R. Civ. P. 45 provides that under circumstances a subpoena may be quashed or modified:

> (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.
>
> (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
> (i) disclosing a trade secret or other confidential research, development, or commercial information;
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

>(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
>
>(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
>(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
>(ii) ensures that the subpoenaed person will be reasonably compensated.

Fed. R. Civ. P. 45(c)(3).

Subpoenas are also governed by Rule 26's limits on scope of discovery. *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D.Kan. 2003). Rule 26 limits discovery to any non-privileged matter that is relevant to the claim or defense of any party. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).

*Discussion*

Generally, absent a claim of privilege, personal interest or proprietary interest, a party lacks standing to quash a subpoena served on a third party. *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18 (D.D.C. 2005); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D.Kan. 1995). Here, the subpoena was issued to and served upon CSOS; therefore, CSOS is the party entitled to challenge the subpoena, *unless* Plaintiffs can make a showing that they have a personal right to be protected or that the documents are subject to privilege. The burden is on the moving party to establish entitlement to a protective order or that a subpoena duces tecum should be quashed.

*Washington,* 230 F.R.D. at 21.  A party seeking to quash a subpoena has a particularly heavy burden as contrasted with one who seeks only limited protection.  *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 669 F.2d 620, 623 (10th Cir. 1982).  Even where a party has standing to quash a subpoena based on privilege or a personal right, it still lacks standing to object on the basis of undue burden.  *Public Service Co. of Oklahoma v. A Plus, Inc.*, 2011 WL 691204, at *5 (W.D.Okla. Feb. 16, 2011 (citing *Keybank National Ass'n v. Perkins Rowe Associates, L.L.C.*, 2011 WL 90108, at *2 (M.D.La. Jan. 11, 2011)).  Therefore, Plaintiffs challenge to the CSOS subpoena on grounds of undue burden is denied.

Plaintiff claims standing to object to the CSOS subpoena based upon his personal privacy interest in the contents of his personnel file.  Courts have recognized that a party may have a "personal right" sufficient to confer standing where a subpoena seeks production of that party's employment records.  *See Shirazi v. Childtime Learning Center, Inc.*, 2008 WL 4792694, at *1 (W.D.Okla. Oct. 31, 2008).  Certainly, a blanket request for one's employment personnel file implicates a personal privacy right in the contents of those records since a personnel file often contains personal health information, tax and withholding information and more.  Thus, Plaintiffs have standing to object to the subpoena on this basis.

When a plaintiff files a lawsuit seeking damages for claimed personal injuries, he/she may waive certain privileges or privacy rights with respect to information concerning those injuries.  *Thomas v. Four Seasons Nursing Centers, Inc.*, 206 F.R.D. 294, 296 (N.D.Okla. Feb. 5, 2002).  Here, Plaintiffs' lawsuit seeks damages for Dr. Howard's

physical and mental pain and suffering, past and future; lost use and sensory capabilities of his leg resulting in permanent impairment; lost earnings; expenses of past and future medical care and treatment; impairment of the marital relationship between Dr. and Mrs. Howard, including loss of affection, companionship, and sexual relationship.  In addition, the Howards seek punitive damages.  Clearly, Dr. Howard has put at issue certain matters concerning his mental and physical health, his income, job performance and earning capacity.  However, Defendant's subpoena neither places a temporal limit on the document request nor limits the requested information to items that might be relevant to the issues in this action.  Dr. Howard was an employee of CSOS for 25 years – clearly, there could be a significant amount of information in the requested file that is wholly irrelevant to the claims and defenses herein.

For these reasons, the Motion to Quash [Dkt. No. 19] is **DENIED**; however, in order to provide Defendant with information relevant to this case, and protect the privacy right of Dr. Howard, the subpoena is modified as follows:

- Defendant's subpoena is hereby limited to the time period March 2007 to the present.

- Documents to be produced are limited to wage information, performance reviews, attendance records, disability requests, and worker's compensation records.

- Any such documents shall be subject to an Agreed Protective Order.

**IT IS SO ORDERED** this 18th day of July 2012.

_/s/ Paul J. Cleary_
Paul J. Cleary
United States Magistrate Judge