IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BRIAN C. HOWARD, M.D., and )
SUZANNE HOWARD, )
)
    Plaintiffs, )
)
v. ) Case No. 11-CV-688-GKF-PJC
)
SEGWAY, INC., )
)
    Defendant. )

## OPINION AND ORDER

This case concerns a March 2008 accident involving a Segway transporter in which Plaintiff Brian Howard was allegedly injured while visiting Disneyworld with his family. Dr. Howard's wife, Suzanne, asserts claims derivative of her husband's injuries. Plaintiffs brought this manufacturer product liability case alleging design defect, negligence, etc. by Segway. This lawsuit was filed in November 2011. Discovery problems began in July 2012, when Plaintiffs' counsel sent Defendant's counsel a letter seeking supplementation of Defendant's responses to document requests that had been served eight months earlier. Defendant's failure to adequately respond to the letter led to the filing of a Motion to Compel Supplementation of Discovery [Dkt. No. 34] in November 2012 and a related Motion for Attorney Fees [Dkt. No. 41] in January 2013.

# I.
# THE CORE OF THE PROBLEM

In our electronic, internet-based world, it is often said that whatever issue confronts us, "There's an App for that."[1] If so, some Apps are fatally flawed and should be recalled. Apparently, Apps have been developed to assist attorneys in drafting and responding to Requests for Production of Documents. The App for document requests generates requests such as "Produce all documents ... related to or referring to, in anyway whatsoever, any communications with any person whatsoever, including but not limited to ..., related to or concerning....whatsoever...."

The App for discovery responses generally:

(1) Responds to every request with "Objection."

(2) Follows with boilerplate objection language, *eg.*, "vague, over-broad, unduly burdensome, not reasonably calculated to lead to discovery of admissible evidence," but doesn't indicate how any of these boilerplate objections specifically apply to the request at hand.

(3) Concludes: "Without waiving these objections, see documents A, B and C."[2]

Consider this Order the recall notice for both of these Apps. They don't work. Use may subject attorneys to sanctions under Fed. R. Civ. P. 37. If you have these Apps loaded on your firm network to provide a "go by" in preparing discovery requests, responses or objections, delete them. Now.

---

[1]   The phrase "There's an App for that" is a trademark of Apple, Inc. The App described by the Court herein is *not* an Apple product.

[2]   This "App" is discussed in Cleary, "Some Thoughts on Discovery and Legal Writing: 'What we have here is failure to communicate'." 82 Okla. B. J. 2923 (Dec. 10, 2011).

2

## II.
## ANATOMY OF A DISCOVERY DISPUTE

The manner in which discovery has proceeded makes this case, in many respects, the "poster child" for what is wrong with the worst of pre-trial discovery. For that reason, and in the hope that a closer look at what has occurred in this case might help prevent similar problems in the future, the Court offers a detailed examination of how discovery difficulties began and how failure to resolve those difficulties created additional problems. In the process, the directives and goals of the Federal Rules of Civil Procedure were simply ignored. This caused significant expense and wasted time to the clients, and, ultimately, an award of sanctions against Segway.

### A. Plaintiffs' Discovery Requests

The fundamental problem with many of Plaintiffs' document requests is that they often fail to describe "with reasonable particularity" what is being sought. For example, the requests usually don't specify the time period for which documents are sought. *See* Fed. R. Civ. P. 34(b)(1)(A): The request "must describe with reasonable particularity each item or category of items to be inspected…."

The document request begins with the all too common "Definitions" section. "Documents", for example, includes "hotel charges, receipts, freight bills…." [Dkt. No. 34-1, p. 3]. There is no indication that hotel charges are an issue in this lawsuit, but Plaintiffs have them covered just in case. "Communications" means "every form of communication, representation or statement of any kind or nature between or involving two or more persons, by whatever means accomplished." [*Id.*] Such definitions are

3

generally of little practical value, especially when they haven't been edited to fit the case at hand. However, they do set the tone for what follows, and what follows are often ill-defined discovery requests that fail the reasonable particularity standard of Rule 34. For example:

> **Request No. 9:** All documents, correspondence or communications which relate to or concern in any manner any complaints, claims, or accident or incident reports regarding any accident to or injury suffered by any person while using any Segway manufactured, produced, or sold by you regardless of place where the system was used.

[Dkt. No. 34-1, p. 6].

Putting aside grammatical errors – which are not insignificant – this sentence does not describe with reasonable particularity what Plaintiffs are seeking. Where, for example, would one begin looking for *any* document *relating to or concerning* in *any manner*, *any* complaint regarding *any* accident suffered by *any* person while using *any* Segway *anywhere* in the world at *any* time? Other requests are also overly broad: "All drawings, photographs and/or videotapes of the subject Segway *or any Segway HT*." [Dkt. No. 34-1, p. 7 (emphasis added)].

Document requests such as these set the stage for discovery problems because the recipient does not know specifically what is being requested. The use of so-called omnibus phrases, such as "relating to," "referring to," or "concerning" may, in themselves, violate the reasonable particularity requirement of Rule 34. *Leisure Hospitality, Inc. v. Hunt Props., Inc.*, 2010 WL 3522444, *3 (N.D. Okla. Sept. 8, 2010); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197-98 (D. Kan. 1996) (omnibus phrases "often require the answering party to engage in mental gymnastics to determine what

information may or may not be remotely responsive"); *Bethesda Softworks LLC v. Interplay Entm't Corp.*, 2011 WL 1559308, *2, n.4 (D. Md. April 25, 2011).

### B. Segway's Document Responses

Segway's discovery responses make worse an already problematic situation. Segway has not produced a proper Rule 34 document response.  Under Rule 34, a responding party "must either state that inspection and related activities will be permitted as requested or state an objection to the request, *including the reasons*."  Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).  In the event that the responding party finds only part of a request is objectionable, it may object to that part.  But the responding party "must specify the [objectionable] part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).  Segway has failed to specify what part of the requests it is objecting to.

Furthermore, general or boilerplate objections, offered without explanation, may constitute a waiver of the responding party's right to object.  *E.g.*, *Sabol v. Brooks*, 469 F.Supp.2d 324, 328-29 (D. Md. 2006) (Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections.).  *See also*, *Kinetic Concepts, Inc. v. ConvaTec, Inc.*, 268 F.R.D. 226, 241 (M.D.N.C. May 12, 2010); *Hy-Ko Prods. Co. v. Hillman Grp., Inc.*, 2009 WL 3258603, at *2 (E.D.N.C. Oct. 8, 2009) (objections that merely recite boilerplate language are not colorable); *Mills v. E. Gulf Coal Preparation Co.*, 259 F.R.D. 118, 132 (S.D. W.Va. 2009) ("boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable"); *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 528 (S.D. W.Va. Nov. 21, 2007) (boilerplate objections unacceptable); *Enron Corp. Sav. Plan v. Hewitt Assocs.*,

*L.L.C.*, 258 F.R.D. 149, 162-64 (S.D. Tex. 2009) (same).  Objections must be specific and fully explained or else the requesting party is unable to evaluate the objection's merits and determine whether to challenge it.  *DL v. District of Columbia*, 251 F.R.D. 38, 43-45 (D.D.C. 2008).

Similarly, this Court has held that a litany of general objections is insufficient to meet the responding party's burden in substantiating its objections to discovery.  *See*, *Wyatt v. ADT Sec. Servs., Inc.*, 2011 WL 1990473, at *2 n. 1 (N.D. Okla. May 23, 2011) ("It is not appropriate to expect the court to sift through general objections to determine which ones might apply to a particular topic."); *Leisure Hospitality, supra*, 2010 WL 3522444, at *3 (failure to discuss a general objection's applicability to a specific discovery request may result in waiver); *Herd ex rel. Herd v. Asarco, Inc.*, 2002 WL 34584902, at *3 (N.D. Okla. April 26, 2002) (general and boilerplate objections are not proper).

By failing to support its objections with specific reference to the requests at hand, and by not identifying what portions of requests were objectionable, Segway waived its objections.[3]

---

[3]   The objections waived are those set forth in familiar boilerplate:  vague, over-broad, unduly burdensome, not reasonably calculated to lead to discovery of admissible evidence.  Of course, even when objections such as these are deemed waived, the Court may decline to compel production when a request "far exceeds the bounds of fair discovery."  10A Fed. Proc., L. Ed. § 26:645 (December 2012).  Objections on the basis of privilege or work product, must be listed on a privilege log.  Fed. R. Civ. P. 26(b)(5); LCvR26.4.

*C. Conditional Production or Production 'Without Waiving Objections'*

The biggest single problem with Segway's document responses, however, is that when Defendant indicates documents will be produced, it is unclear what is being produced and what is not. Most of Segway's responses state that "Without waiving and subject to said objections, see -----." In many instances, the documents Segway produced are identified by Bates numbers. [Dkt. No. 34-2, Document Response No. 7 ("see documents identified as Segway-Howard-003379-003393")]. In other instances, Segway has identified types of documents or information that will be produced. [Dkt. No. 34-2, Document Response No. 9]. In some cases, Segway has indicated only that the information/documents sought "are matters of public record." [*Eg.*, Dkt. No. 34-2, Document Response No. 26.].

Thus, while Segway's document responses state that some documents *have been* or *will be* produced, Segway does not specify *what* body of documents is being produced. The fundamental question is: <u>Are *all responsive documents* being produced?</u> If not, what portion of the universe of responsive documents is being produced? How did Segway determine the universe of responsive documents? Segway has not made this clear. Once a party has decided to produce documents, it has the duty – at a minimum – to identify what it is producing. A party that objects *and* produces creates an ambiguity as to what documents, if any, have been withheld. *See*, *Pamlab, L.L.C. v. Rite Aid Corp.*, 2005 WL 1588238, at *2 (E.D. La. June 27, 2005) (overruling all objections in order to "eliminate any ambiguity" and requiring the producing party to certify that all responsive documents were produced). To avoid this problem, the attorney

7

overseeing document production must inform himself or herself as to what documents are responsive to the discovery requests and which of those, if any, will be produced. Failure to shoulder this affirmative duty is breach of one's obligations under the Federal Rules.  *See*, *F.D.I.C. v. McCaffree*, -- F.R.D. --, 2012 WL 6726406, at *6 (D. Kan. Dec. 27, 2012); *Hock Foods, Inc. v. William Blair & Co., L.L.C.*, 2011 WL 884446, at *8 & n.64 (D. Kan. March 11, 2011) ("The Federal Rules require a party to conduct a reasonable search for responsive information."); *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006) (Responding party must develop a "reasonably comprehensive search strategy" to find responsive documents.); *Moore v. Chertoff*, 255 F.R.D. 10, 21-27 (D.D.C. 2008) (imposing sanctions for party's failure to conduct a reasonable search for responsive documents); *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (Party is under an affirmative duty to seek information that is reasonably available to it from its employees, agents or others subject to its control.).

If Segway concluded – after a good faith inquiry – that it believed "all documents responsive to this request are contained in the company's accident report files for 2003-05," it should so inform the Plaintiffs.  Without those details, Plaintiffs have no way of knowing what they are receiving.

Parties' discovery duties are included within the mandates of the Federal Rules of Civil Procedure and the Local Rules of this Court regarding cooperation, civility and professionalism.  Fed. R. Civ. P. 26 requires that counsel take affirmative steps to educate themselves about relevant discovery and its availability:

8

> *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented…. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed **after a reasonable inquiry**:
>
> **(A)** with respect to a disclosure, it is complete and correct as of the time it is made; and
>
> **(B)** with respect to a discovery request, response, or objection, it is:
>
> **(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> **(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> **(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1) (emphasis added).

An attorney must sign every disclosure, discovery request, response or objection and that signature constitutes a certification that obliges the attorney to "stop and think about the legitimacy of a discovery request, a response thereto, or an objection." Fed. R. Civ. P. 26 advisory committee's note (1983). This certification must be based upon the attorney's "reasonable inquiry" into the situation; thus, blind, boilerplate objections violate both Rule 26 and Rule 34.

Parties must communicate intelligibly in furtherance of pre-trial discovery. This requires clear, concise, concrete language. Rule 34 imposes a duty that discovery requests describe with "reasonable particularity" what is being sought. Courts have

9

imposed the same "reasonable particularity" obligation on producing and objecting parties. At the end of the day, the parties – and the Court – must have a clear understanding of what was requested, what is being produced and what is being objected to and why. Segway's responses to the Plaintiffs' discovery make that impossible. Finally, the rules require the parties to have a meaningful conference to discuss discovery problems and attempt to resolve them before submitting the problem to the Court. A meaningful discovery conference will be impossible if the parties are not specific about what is requested, what is objected to and what is being produced.

## III.
## SEGWAY'S FAILURE TO RESPOND TO REQUESTS FOR SUPPLEMENTATION

Unfortunately, the problems outlined above were only the beginning of the discovery dispute. The Motion to Compel and for Sanctions was prompted by Segway's failure to respond to requests for supplementation.

Over the course of four months, Plaintiffs sought supplementation and clarification of Segway's discovery responses, only to be ignored or put off with a variety of excuses:

- On July 30, 2012, Plaintiffs sent counsel for Segway a lengthy letter requesting supplementation of specific document responses within 30 days. Defendant neither supplemented nor responded to this letter.

- On September 3, 2012, Plaintiffs sent a second letter inquiring about the status of the requested supplementation. Again, Plaintiffs received no response to their letter.

- On September 11, 2012, Plaintiffs sent a third letter.

- On October 1, 2012, Plaintiffs sent a fourth letter requesting supplementation. Plaintiffs asked for a specific date by which

10

supplementation would be provided, or, in the alternative, a date when counsel could meet and confer for purposes of a Motion to Compel.

- On October 8, 2012, Segway forwarded documents it had received by serving subpoenas on several non-parties.

- On October 19, 2012, Plaintiffs sent an e-mail demanding supplementation or a Rule 37 conference by October 22nd. Segway requested additional time to supplement and Plaintiffs agreed to an extension until October 26th.

- On October 26, 2012, Segway's counsel informed Plaintiffs that she was having trouble reaching her client and asked for additional time through October 29th. Plaintiffs agreed.
- On October 29, 2012, Segway's counsel informed Plaintiffs that Segway's office was closed due to Hurricane Sandy.

- On November 9, 2012, Plaintiffs' counsel requested an update on supplementation. Segway's counsel responded on November 12th, stating that she was in deposition and would update Plaintiffs by the next morning.

- On November 13, 2012, having not heard from Segway's counsel, Plaintiffs again requested an update.

- On November 14, 2012, Segway's counsel responded that Hurricane Sandy had delayed a response, but that her client hoped to get to the matter that day.

- On November 15, 2012, Segway's counsel emailed Plaintiffs that the requested supplementation was being finalized and Plaintiffs would receive it by early the next week.

- On November 19, 2012, Plaintiffs' counsel confirmed that supplementation was planned for the next day and that if no supplementation were forthcoming, counsel would conduct a Rule 37 conference that day.

- On November 20, 2012, Segway's counsel requested another extension and said she would follow up with Plaintiffs on November 26th.

- On November 26, 2012, Segway's counsel said she had not heard back from her client.

11

- On November 27, 2012, Plaintiffs' counsel requested a Rule 37 conference that day.

- On November 28, 2012, the parties held their Rule 37 conference. Segway's counsel stated she had been unable to reach her client and was unable to provide the requested responses or a date by which they would be made available.

A hearing was conducted on January 17, 2013. By that date, Segway had provided some supplementation and the parties were able to resolve other discovery matters during the hearing. The parties were directed to file a Joint Report on Discovery, which they did on January 23, 2013. [Dkt. No. 43]. Based on this report, it appears that most discovery matters have now been resolved and that a privilege log is forthcoming.

## IV.
## DISCUSSION

Plaintiffs served their discovery requests on December 28, 2011. Segway's responses were served 60 days later on February 29, 2012. Plaintiffs waited five months before requesting supplementation of specific document responses. It was another six months before Plaintiffs received requested supplementation. [Dkt. No. 43]. As of the hearing on Plaintiffs' Motion to Compel (January 17, 2013), Segway still had not provided a Privilege Log as required by the Local Rules. LCvR26.4.

The sequence of events described above details the tortuous path followed here in executing the basic discovery function of Rule 34. It is clear that Segway's responses to the document requests were not properly responsive and that Plaintiffs endeavored for months to get the attention of Segway's counsel and of the company itself. The

12

conduct of Segway and its counsel has needlessly delayed this case, burdened the Court and imposed unnecessary cost and expense on Plaintiffs.

**ACCORDINGLY**, Segway's motion to Compel is **GRANTED.** Segway shall supplement its discovery responses as outlined at the January 17, 2013, hearing, and shall ensure that Plaintiffs have received discovery responses that advise them (1) whether *all* non-privileged, responsive documents have been produced; (2) if all non-privileged, responsive documents have not been produced, Segway shall advise Plaintiffs specifically what documents are being withheld and why; (3) a Privilege Log in compliance with LCvR26.4 shall be produced immediately, if that has not already been done.

> Fed. R. Civ. P. 37 provides:
>
> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. (a)(5)(A).

The amount of a fee award imposed as a discovery sanction is determined by the lodestar formula – calculating the reasonable number of hours incurred multiplied by a reasonable hourly rate. *Creative Res. Grp. of New Jersey, Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 103-05 (E.D.N.Y. 2002); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1245-46 (10th Cir. 2006). Here, the hourly rate charged of $145 has not been challenged and the Court finds that it is reasonable by local standards. Plaintiffs incurred a total of 55.4 hours prosecuting the Motion to Compel, but counsel reduced this amount by nearly 25 percent to 41.7 hours.

Segway objects that the delay incurred herein was caused by specific lawyers who are no longer employed by the firm. All three lawyers who previously had responsibility for this case have left the Holden & Carr law firm. Nevertheless, the Court finds that placing the entire blame for this situation on the departed lawyers is inappropriate. Holden & Carr – not individual lawyers – represented Segway in this matter. It is the firm's responsibility to see that discovery is properly handled. Furthermore, when supplemental discovery was not provided, defense counsel represented to Plaintiffs that part of the problem was caused by Segway's own conduct -- its inattention to the matter. Accordingly, the Court finds that an award of fees is justified and should be imposed jointly and severally against Holden & Carr and Segway.

Segway argues that the requested fees should be reduced by half. Segway states that spending 40 hours on this motion to Compel and Fee Request appears excessive and further states that Plaintiffs suffered only a "brief delay" in receiving the requested

14

documents. The Court agrees that 33.6 hours (voluntarily reduced to 27 hours) is an excessive amount of time for a motion to compel and reply. The Court is aware that the primary billing attorney is still relatively new to the practice of law and that this often results in more time expended on a discrete project. The balancing factor, of course, is that the hourly rate for this work is low. The Court will reduce the number of hours expended on the Motion and Reply by 15 percent and allow 23 hours for this work. This brings the total hours to 37.7 and total fees to $5,466.50.

In arguing against a fee award, Segway also asserts that the delay caused by the failure to respond to Plaintiffs was only a "brief delay." The Court disagrees. Plaintiffs endeavored for five months to get requested supplementation from Segway. This is hardly a "brief delay." Indeed, Segway's conduct required the Court to issue a Third Amended Scheduling Order extending the Trial Date 90 days.

After reviewing the requested fee amount and supporting records and affidavit, and Segway's objections thereto, the Court finds that $5466.50 is a reasonable sanction under the circumstances presented. The hourly rate of $145 is reasonable for this work and the reduced time of 37.7 hours is a reasonable number of hours.

**THEREFORE**, the Court hereby awards attorney fees in the total amount of $5,466.50 in favor of Plaintiffs and against Defendant Segway and its counsel, Holden & Carr, jointly and severally.

**IT IS SO ORDERED**, this 7th day of March 2013.

_____
Paul J. Cleary
United States Magistrate Judge